UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━

UNITED STATES OF AMERICA,


                    v.                              DECISION AND ORDER
                                                        11-CR–151

JORDAN HIDALGO, et al,
                              Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━


## Introduction

        Before the Court are: (1) objections by defendants Kasiem Williams,

Jordan Hidalgo, Joseph Whitely, Ritchie Juarbe and Luis Medina to various

Reports and Recommendations by Magistrate Judge H. Kenneth Schroeder, Jr.;

(2) appeals by defendants Brittany Ground and Alejandro Navarro-Gonzalez to

Decisions and Orders by Magistrate Judge Schroeder; and (3) defendant David

Tirado's motion to preclude or limit expert testimony as to firearms.  Also pending

before the Court are various Reports and Recommendations to which no

objections have been made.

        As explained below, the findings and recommendations of the Magistrate

Judge are adopted in their entirety, and defendants Navarro-Gonzalez and

Brittany Grounds' appeals are denied.  Defendant Tirado's motion to preclude or

limit expert testimony is held in abeyance pending the Government's filing of a

detailed written summary of any expert testimony it will seek to introduce at trial

pursuant to Federal Rules of Evidence 702, 703 and 705.

## Background

A multi-count Superseding Indictment filed on May 24, 2012 alleges that individuals involved in Cheko's Crew (also referred to as the Puerto Rican Dynasty) and the Seventh Street Gang together formed a criminal organization whose members and associates engaged in drug dealing and various acts of violence including murder, attempted murder, robbery and assault.  (Dkt. No. 87) Charges contained in the Superseding Indictment include racketeering conspiracy, murder and attempted murder in aid of racketeering, assault with a dangerous weapon in aid of racketeering, robbery, narcotics conspiracy and other drug-related offenses, and various charges relating to the use and discharge of firearms.  Eighteen defendants were charged in the Superseding Indictment.

The matter was referred to Magistrate Judge H. Kenneth Schroeder, Jr. for supervision of all pretrial proceedings.  A plethora of motions were made before the Magistrate Judge, and a number of evidentiary hearings and oral arguments were held.  Magistrate Judge Schroeder then issued various Reports and Recommendations and Decisions and Orders as to pretrial issues.  Objections and appeals by some defendants followed.  As of the date of this Decision and Order, seven defendants in this case have entered into plea agreements with the

Government.[1]  The Court's findings with respect to the remaining defendants'
objections and appeals, and other outstanding Reports and Recommendations by
the Magistrate Judge, are discussed below.


## Discussion

### Kasiem Williams

Defendant Williams is charged with racketeering conspiracy, murder and
attempted murder in aid of racketeering, assault in aid of racketeering, narcotics
conspiracy, possession of firearms in furtherance of drug trafficking, and using
and maintaining a premises for drug trafficking.  Defendant Williams filed a
motion to suppress various statements he made to law enforcement on multiple
occasions.  After conducting evidentiary hearings, Magistrate Judge Schroeder
wrote a thorough, detailed, 42-page Report and Recommendation recommending
that defendant Williams' motion to suppress be denied in its entirety.  (Dkt. No.
378)  Defendant filed objections, the Government filed a response, and the Court
considered the matter submitted following oral argument.

 Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo*
determination of those portions of the Report and Recommendation to which
objections have been made.  Upon *de novo* review and after reviewing the

---

[1] Defendants that have pled guilty include Efrain Hidalgo, Thomas Rodriguez,
Juan Torres, Jason Dryzmala, Uda Hidalgo, Cecelio Medina and Carmen Geter.

submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (*quoting Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)).

This Court adopts the credibility findings of Magistrate Judge Schroeder, including his findings that defendant Williams' statements while in the hospital on July 10, 2009 were voluntary and that defendant was not in custody at that time. The Court adopts the Magistrate Judge's credibility findings as to the interview of defendant on July 8, 2010 including his findings that: (1) when defendant initially arrived at the police station and made statements he was not in custody; (2) that after his arrest defendant was advised of his *Miranda* rights; and (3) that at best defendant made a "limited invocation" of his right to counsel. This Court also concurs with Magistrate Judge Schroeder's finding that there is no basis to suppress any statements from the proffer session as a result of ineffective assistance of counsel.

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's

4

Report and Recommendation, defendant Williams' motion to suppress evidence is denied in its entirety.

Defendant Williams also moved to dismiss Count 1 of the Superseding Indictment, charging racketeering conspiracy, on the basis that Count 1 does not properly allege a pattern of racketeering activity.  Magistrate Judge Schroeder issued a thorough Report and Recommendation recommending denial of the motion to dismiss.  (Dkt. No. 382)  No objections by defendant Williams were filed.  For the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, defendant Williams' motion to dismiss is denied.[2]

### *Jordan Hidalgo*

Defendant Jordan Hidalgo is charged with racketeering conspiracy, murder and attempted murder in aid of racketeering, possession and discharge of firearms in furtherance of a crime of violence, narcotics conspiracy, robbery, possession of firearms in furtherance of drug trafficking and using and maintaining a premises for drug trafficking.  Defendants Efrain Hidalgo and Uda Hidalgo filed motions to dismiss Count 1 (racketeering conspiracy) and Counts 2 through 22 (all relating to violent crime in aid of racketeering) for vagueness.

---

[2] To accept the Report and Recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is "no clear error on the face of the record."  *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997).

Defendant Jordan Hidalgo joined in those motions.[3]

Magistrate Judge Schroeder issued Reports and Recommendations denying defendants Efrain Hidalgo and Uda Hidalgo's motions to dismiss.  (Dkt. Nos. 397 and 418)  Defendants Efrain Hidalgo and Uda Hidalgo filed objections, and defendant Jordan Hidalgo joined in the objections.  (Dkt. No. 465)  After responses from the Government and oral argument, the Court considered the matter submitted.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Reports and Recommendations.[4]  For the reasons set forth in Magistrate Judge Schroeder's Reports and Recommendations (Dkt. Nos. 397 and 418), defendant Jordan Hidalgo's motion to dismiss is denied in its entirety.

––––––––––––––––––––

[3]  As previously stated, defendants Efrain Hidalgo and Uda Hidalgo have entered into plea agreements with the Government.  Therefore, while their motions to dismiss are now moot as to their own cases, the arguments raised therein remain relevant as to defendant Jordan Hidalgo.

[4]  While Efrain Hidalgo and Uda Hidalgo's objections are moot as to their own cases, the Court has considered all of the substantive arguments made by defendants Efrain Hidalgo and Uda Hidalgo in their objections, which were joined and adopted by Jordan Hidalgo, in making its determination as to Jordan Hidalgo's motion to dismiss.

*Joseph Whitely*

Defendant Whitely is charged with racketeering conspiracy, narcotics conspiracy, and possession of firearms in furtherance of drug trafficking. Defendant filed a number of pretrial motions before the Magistrate Judge including a motion to suppress statements and a motion to dismiss Count 1 of the Superseding Indictment.

Magistrate Judge Schroeder issued a Report and Recommendation recommending denial of defendant Whitely's motion to suppress statements. (Dkt. No. 379)  No objections were filed by defendant.  For the reasons set forth in the Report and Recommendation, defendant's motion to suppress is denied.

Magistrate Judge Schroeder also issued a Report and Recommendation recommending denial of defendant's motion to dismiss Count 1.  (Dkt. No 388) Defendant Whitely filed objections (Dkt. 468), and the Government filed a response (Dkt. 482).  Oral argument was scheduled and adjourned as a result of an issue arising with defendant's representation.  On March 23, 2015, attorney Herbert Greenman was appointed by the Court to represent defendant Whitely.[5] Mr. Greenman renewed the objections filed by defendant Whitely's previous counsel, and joined in defendant Uda Hidalgo's objections to the denial of the motion to dismiss.  Specifically, in joining defendant Uda Hidalgo's objections and

_____

[5] Prior to this time, defendant Whitely had retained attorney Angelo Musitano to represent him.  However, an issue arose preventing Mr. Musitano from continuing to represent defendant Whitely.

filing supplemental objections (Dkt. No. 576), defendant Whitely argues that

Count 1 is void both for vagueness and vagueness-as-applied.  Defendant

contends, in sum, that the Superseding Indictment merely tracks the language of

the racketeering statute without providing specifics as to his alleged conduct.

The Government filed a response, and the Court considered all of the objections

submitted without oral argument.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which

objections have been made.  Upon *de novo* review and after reviewing the

submissions of the parties, the Court rejects the objections filed by defendant

Whitely's original attorney.  (Dkt. No. 468)  The Court adopts the proposed

findings of the Report and Recommendation (Dkt. No. 388), which recommends

denial of defendant's motion to dismiss Count 1 for facial insufficiency and failure

to state an offense.

As to the supplemental objections (Dkt. No. 576), the Court rejects

defendant Whitely's vagueness and vagueness-as-applied arguments.  The

Second Circuit has held that the racketeering statute is not unconstitutionally

vague.  *United States v. Burden*, 600 F.3d 204, 228 (2d. Cir. 2010); *see Kolender*

*v. Lawson*, 461 U.S. 352, 357 (1983) (the void-for-vagueness doctrine requires

that a penal statute "define the criminal offense with sufficient definiteness that

ordinary people can understand what conduct is prohibited and in a manner that

does not encourage arbitrary and discriminatory enforcement"). Further, the Government is required to prove only the existence of an agreement to violate RICO's substantive provisions.

The Court finds that the allegations set forth in the Superseding Indictment are not vague in any manner, and that they meet the requirements of what is necessary to properly allege a racketeering conspiracy as established by the Supreme Court and the Second Circuit. The allegations provide all defendants, including defendant Whitely, notice of the conduct for which they are charged. The Supreme Court has held that an "association-in-fact enterprise" is simply a "continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009). The Superseding Indictment describes the enterprise here as an "alliance based on friend and familial associations, close physical proximity to one another and due to their shared rivalry with 10th Street Gang." The Superseding Indictment further alleges that "[t]he principal purpose of the enterprise was to control territory on the West Side of Buffalo, distribute controlled substances, obtain money and things of value, and earn and maintain respect in the neighborhood." To achieve these objective, it is alleged that the members of the enterprise, including defendant Whitely, conspired to commit acts of violence and murder, threatened acts of violence and engaged in trafficking of controlled substances.

For the reasons set forth in Magistrate Judge Schroeder's Report and

9

Recommendations (Dkt. Nos. 388, 379, 418), and for the reasons discussed herein, defendant Joseph Whitely's motion to dismiss Count I of the Superseding Indictment is denied in its entirety.

### Ritchie Juarbe

Defendant Juarbe is charged with racketeering conspiracy, murder, attempted murder, possession and discharge of a firearm in furtherance of a crime of violence, narcotics conspiracy, possession of firearms in furtherance of drug trafficking, and maintaining a premises for purposes of drug trafficking. Defendant Juarbe filed a motion to suppress evidence resulting from: (1) a search of his residence at 45 Lakeview on March 9, 2008; (2) a stop of his automobile on February 20, 2009; and (3) a search of his residence at 41-1/2 West Tupper on April 13, 2012.  (Dkt. No. 262)  Defendant also sought suppression of statements he made to law enforcement officers on April 13, 2012.  (Dkt. No. 302) Magistrate Judge Schroeder conducted a two-day evidentiary hearing as to these issues.

Magistrate Judge Schroeder issued a detailed, 42-page Report and Recommendation recommending that defendant Juarbe's motion to suppress the use of photographs, cell phones, T-shirts, memorial cards and a box of ammunition seized from his residence at 41-1/2 West Tupper Street on April 13, 2012 be granted, and that all remaining aspects of defendant's motion to suppress be denied.  (Dkt. No. 352)  Both the Government and defendant Juarbe

10

filed objections to the Magistrate Judge's Report and Recommendation.  (Dkt. Nos. 361 and 472)  The Government responded to defendant's objections (Dkt. No. 479), and oral argument was heard before this Court.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation.  With respect to the guns recovered from defendant Juarbe's bedroom on April 13, 2012, the Court notes that because Magistrate Judge Schroeder credited the officers' testimony that they entered defendant's bedroom to retrieve his clothes and the guns were in plain view, the guns would have inevitably been discovered by the officers.  *See United States v. DiStefeno*, 555 F.2d 1094, 1101 (2d. Cir. 1977) (when a person is arrested pursuant to a warrant and they are only partially clothed, arresting agents may have a duty to find clothing for the person, and may conduct a limited search for clothing); *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) ("[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.")  For this reason and for all of the reasons enumerated by Magistrate Judge Schroeder as to the validity of the other various searches and seizures, defendant Juarbe's objections are rejected.

11

The Court also rejects the Government's argument that the t-shirts, funeral cards, photographs and ammunition seized from defendant's bedroom, as well as the photographs of defendant's apartment taken by the officers, should not be suppressed.  The Second Circuit has explained that the following three conditions must be met for a plain view seizure to be lawful: (1) the initial intrusion must be lawful; (2) there must be an inadvertent discovery of the item seized; and (3) there must exist probable cause to believe that the seized item was evidence of a crime.  *United States v. Barrios-Moiera*, 872 F.2d 12, 15-16 (2d. Cir. 1998).  The Court credits Magistrate Judge Schroeder's assessment that there was no testimony in the record that the ammunition was in plain view.  In addition, Officer Galle testified that he did not know the individual on the funeral card but that he took it "out of an abundance of caution."  In addition, Officer Galle testified that he seized the cell phones "in the event they later obtained a warrant to go through the phones."  Based upon this testimony, it does not appear that the funeral card or the cell phones had an incriminating character that was immediately apparent or that there was probable cause to believe they were evidence of criminality. Likewise, the Court finds that while the t-shirts and photographs may have depicted alleged gang signs or gang members, it cannot be said that the items were obviously and directly connected to criminal activity, nor were they dangerous items or contraband.  The Court is in agreement with the Magistrate Judge that there is no reason the officers could not have secured the premises

12

and returned for a search warrant.  Indeed, while there is testimony in the record that the t-shirts and photographs were in plain view, it is equally clear that the officers had to take a careful look around the apartment which was more akin to an exploratory search than a sweep for weapons.  *See United States v. George*, 975 F.2d 72, 80 (2d. Cir. (1992) (the plain view search doctrine does not authorize "a general exploratory search from one object to another until an incriminating item turns up").

For the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation (Dkt. Nos. 352), and for the reasons stated herein, defendant Juarbe's motion to suppress the use of photographs, cell phones, T-shirts, memorial cards and a box of ammunition seized from his residence at 41-1/2 West Tupper Street on April 13, 2012 is granted, and all remaining aspects of defendant's motion to suppress are denied.

*Brittany Ground*

Defendant Ground is charged with racketeering conspiracy, assault with a dangerous weapon in aid of racketeering, attempted murder in aid of racketeering, possession and discharge of a firearm in furtherance of a crime of violence, narcotics conspiracy, and possession of a firearm in furtherance of a drug trafficking crime.  Defendant filed a motion to dismiss the Superseding Indictment on the grounds that evidence presented to the grand jury was insufficient, or, in the alternative, for review of the grand jury minutes.  (Dkt. No.

13

199)  Magistrate Judge Schroeder issued a Report and Recommendation recommending denial of defendant's motion in its entirety.  (Dkt. No. 432)  No objections were filed.  For the reasons set forth in the Report and Recommendation, defendant Ground's motion to dismiss, or, in the alternative, for review of the grand jury minutes, is denied.

Defendant also moved, before the Magistrate Judge, for a bill of particulars.  (Dkt. No. 206)  The Magistrate Judge denied defendant's request, finding that the Superseding Indictment, together with the discovery materials provided or to be provided by the Government, clearly inform defendant of the essential facts of the crime charged.  (Dkt. No. 433)  Defendant Ground appealed the denial (Dkt. No. 445), and the Government filed a response (Dkt. No. 480).  Oral argument was scheduled by the Court, however defense counsel was not present.  The Court then considered the matter submitted without oral argument.

With respect to the magistrate judge's orders on non-dispositive motions such as a request for a bill of particulars, this Court considers only whether the magistrate's orders are clearly erroneous or contrary to law pursuant to 28 U.S.C. Section §636(b)(1)(A).  After reviewing all of the papers submitted, the Court finds that Magistrate Judge Schroeder's denial of defendant Ground's request for a bill of particulars was neither clearly erroneous nor contrary to law.  Thus, defendant's appeal from that order is denied.

14

*Luis Medina*

Defendant Luis Medina is charged with racketeering conspiracy, narcotics conspiracy, possession of firearms in furtherance of drug trafficking and distribution of heroin.  Defendant moved to dismiss Count 1 of the Superseding Indictment, charging racketeering conspiracy, and for disclosure of grand jury material.  (Dkt. No. 210)  Magistrate Judge Schroeder issued a Report and Recommendation recommending denial of those motions.  (Dkt. No. 422)  No objections were filed.  For the reasons set forth in the Report and Recommendation, defendant Medina's motion to dismiss Count 1 and his request for grand jury transcripts is denied.

Defendant Medina also moved for an order suppressing statements or, in the alternative, for an evidentiary hearing.  (Dkt. No. 261)  Magistrate Judge Schroeder issued a Report and Recommendation recommending that defendant Medina's motion be denied, since it lacked an accompanying factual affidavit by someone with personal knowledge as well as particularization of statements to be suppressed.  (Dkt. No. 423)  Defendant submitted objections wherein he stated, among other things, that the Government filed a notice, pursuant to Federal Rule of Criminal Procedure 12(b), of intent to withdraw regarding use of defendant's April 23, 2006 statement.  (Dkt. No. 45)  The Government filed a response indicating that use of the April 23, 2006 statements was indeed moot, but that there are no grounds to suppress any other statements made by defendant.  (Dkt.

No. 471)

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon *de novo* review, the Court finds that based upon the Government's notice, defendant Medina's motion to suppress his April 23, 2006 is granted.  For the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, defendant's motion to suppress is denied insofar as it applies to any other statements.

### *Alejandro Navarro-Gonzalez*

Defendant Navarro-Gonzalez is charged with narcotics conspiracy and possession of firearms in furtherance of a drug trafficking crime.  Defendant moved for a detailed bill of particulars.  (Dkt. No. 213)  The Magistrate Judge issued a Decision and Order denying the request, on the grounds that Counts 24 and 25 of the Superseding Indictment, together with the discovery materials provided and to be provided by the Government, clearly inform defendant of the essential facts of the crime.  (Dkt. No. 428)   Defendant appealed the determination (Dkt. No. 441), and the Government filed a reply (Dkt. No. 470). The Court considered the matter submitted without oral argument.  After reviewing all submissions, the Court finds that Magistrate Judge Schroeder's order denying defendant Navarro-Gonzalez's request for a bill of particulars was neither clearly erroneous nor contrary to law.  Defendant's appeal is denied.

16

*Sammy Ortiz*

Defendant Ortiz is charged with racketeering conspiracy, narcotics conspiracy, possession of firearms in furtherance of drug trafficking and distribution of cocaine.  Following an evidentiary hearing, Magistrate Judge Schroeder issued a Report and Recommendation recommending denial of defendant Ortiz's motion to suppress statements on the basis that he was not advised of his *Miranda* rights.  (Dkt. No. 334)  Magistrate Judge Schroeder also issued a Report and Recommendation recommending denial of defendant Ortiz's motion to dismiss Count 1 of the Superseding Indictment and to suppress evidence seized during vehicle stops in which defendant was a passenger.  (Dkt. No. 333)  No objections were filed by defendant.  Upon review of the motions, responses, and the Report and Recommendations, the Court adopts the findings and conclusions of the Magistrate Judge in their entirety.  Defendant Ortiz's motions to suppress statements, evidence and to dismiss Count 1 are denied.

*Esteban Ramos-Cruz*

Defendant Ramos-Cruz is charged with racketeering conspiracy, possession and discharge of a firearm in furtherance of a crime of violence, murder in aid of racketeering, narcotics conspiracy, possession of firearms in furtherance of a drug trafficking crime, and using and maintaining a premises for drug trafficking.  Defendant moved to suppress a single photo identification and photo array, as well as statements.  Magistrate Judge Schroeder issued a Report

and Recommendation recommending denial of defendant's various requests for suppression.  (Dkt. No. 407)  No objections were filed.  Upon review of the motion, response, and the Report and Recommendation, the Court adopts the findings and conclusions of the Magistrate Judge in their entirety.  Defendant Ortiz's motion to suppress the photo array, photo identification and his statements is denied.

## Conclusion

For the forgoing reasons, the findings and recommendations of Magistrate Judge Schroeder are adopted in their entirety, defendants Brittany Ground and Alejandro Navarro-Gonzalez's appeals are denied, and defendant David Tirado's motion to preclude or limit expert testimony is held in abeyance.  The parties are instructed to appear for a status conference/meeting to set a trial date on Friday, June 19, 2015 at 12:30 p.m.[6]

SO ORDERED.

_Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   June 17, 2015

---

[6] At that time, the Court will also address defendant Ritchie Juarbe's motion to dismiss counsel and appear *pro se.*

18